UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTIJAN GALIC,
Plaintiff,

-v-

KRISTI NOEM, *et al.*,
Defendants.

25-CV-5238 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is the unopposed motion to dismiss filed by Defendants Markwayne Mullin, Secretary of the Department of Homeland Security[1]; Rodney Scott, Commissioner of the United States Customs and Border Protection; Marcio Rubio, Secretary of State; the United States Department of Homeland Security ("DHS"); the United States Customs and Border Protection; and the United States Department of State (collectively, "Defendants"). For the reasons outlined below, the unopposed motion to dismiss is granted.

Plaintiff Kristijan Galic filed this case on June 24, 2025, seeking relief under the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.* (ECF No. 1; *see also* ECF No. 27.) Galic's amended complaint asks the Court, *inter alia*, to reverse the rescission of a waiver recommendation for his student visa application, to reverse the denial of his visa application, and to declare that he was not convicted of a crime of moral turpitude. (ECF No. 27 at 5.)

Galic is citizen of Croatia and a member of the Croatian bar. (*Id.* ¶ 2.) Following his acceptance in the post-graduate legal studies program at Fordham University School of Law,

[1] Markwayne Mullin is automatically substituted for his predecessor Kristi Noem as the Secretary of the Department of Homeland Security. *See* Fed. R. Civ. P. 25(d).

Galic applied for an F-1 student visa with the United States Embassy in Zagreb. (*Id.* ¶ 6.) A consular officer determined that Galic was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(I)(i) for a conviction of a crime involving moral turpitude, as Galic had been convicted under the Croatian Criminal Code for a crime involving his 2019 Croatian tax return. (*Id.*) In a September 19, 2024 email, the Department of State agreed with the consular officer's determination that Galic was ineligible for a student visa. (*Id.* ¶ 7; *see also id.* at 9 (finding "no legal error in the consular office's finding that the applicant is ineligible for a visa").)

In the same email, however, the Department of State also relayed that the consular officer in Zagreb "recommended and submitted a waiver request for [Galic's] ineligibility." (*Id.*) On November 1, 2024, Galic then submitted a letter to DHS in support of his waiver request. (*Id.* ¶ 8; *id.* at 11.) However, on July 8, 2025, the consular section of the United States Embassy in Zagreb rescinded its waiver request. (*Id.* ¶ 9; *id.* at 15.) The consular officer thereafter denied Galic's visa application. (*Id.* ¶ 9; *id.* at 17.)

On June 18, 2026, Defendants moved to dismiss Galic's amended complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 38.) On July 1, 2026, counsel for Galic requested that his deadline to respond to the motion to dismiss be extended from July 2, 2026 to August 3, 2026. (ECF No. 42). The Court granted that request. (ECF No. 43.) After Galic failed to file an opposition on August 3, 2026, the Court *sua sponte* extended Galic's deadline to oppose the motion to dismiss to August 14, 2026 and warned that, should Galic fail to respond by that time, the motion to dismiss would be deemed unopposed. (ECF No. 44.) Galic once again filed no opposition to Defendants' motion to dismiss. The Court thus deems Defendants' motion unopposed. However, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not [automatically] warrant dismissal" because "the sufficiency of a complaint is a matter of law

that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

Rather, "[i]n deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quotation marks omitted); *see Blanc v. Capital One Bank*, No. 13-CV-7209, 2015 WL 3919409, at *2-3 (S.D.N.Y. June 24, 2015). That said, a complaint must contain "factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief." *Blanc*, 2015 WL 3919409, at *2 (quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring a complaint to have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to survive a challenge under Rule 12(b)(6)).

Having conducted an independent review of the record, the Court concludes that the motion to dismiss Galic's amended complaint must be granted in light of the doctrine of consular nonreviewability. Under that doctrine, "the action of an executive officer to admit or to exclude an alien is final and conclusive." *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024) (quotation marks omitted); *see also Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009) ("[A] consular officer's decision to deny a visa is immune from judicial review."). Thus, courts routinely grant motions to dismiss complaints challenging visa application decisions on consular nonreviewability grounds. *See, e.g.*, *Algazali v. Blinken*, No. 23-CV-6038, 2025 WL 357721, at *4 (S.D.N.Y. Jan. 31, 2025) ("The consular officer's refusal of [the applicant's] visa application is shielded from judicial review."). Further, "[t]he reach of the consular non-reviewability doctrine is broad, precluding judicial review of a consular decision, even if its foundation was

erroneous, arbitrary, or contrary to agency regulations." *Yu Chu Hom v. Goldbeck*, No. 08-CV-3159, 2010 WL 2265054, at *2 (E.D.N.Y. May 28, 2010).

The doctrine of consular nonreviewability precludes judicial review of Galic's claims here. While Galic casts his claims in procedural terms, the relief sought—reversal of the waiver recommendation rescission, reversal of the visa denial, and a declaration that his tax conviction was not a crime involving moral turpitude—reveals that, at its core, the amended complaint substantively challenges the consular officer's decision to deny his visa application and the officer's underlying justifications in doing so. (ECF No. 27 at 5.) Consular nonreviewability is not so thin to be overcome by such artful pleading. *See Yu Chu Hom*, 2010 WL 2265054, at *2; *see also Pak v. Biden*, 91 F.4th 896, 901 (7th Cir. 2024) ("Plaintiffs cannot shield their claims from the doctrine of consular nonreviewability by repackaging their substantive complaints as procedural objections." (cleaned up)); *Chhabra v. Blinken*, No. 22-192, 2022 WL 17587850, at *1 (2d Cir. Dec. 13, 2022) (summary order) ("At bottom, Plaintiffs ask us to order the consular office in India to process Chhabra's visa application to re-enter the United States, which we cannot do.").

Galic's scattershot resort to various statutes also fails to outmaneuver consular nonreviewability. The Administrative Procedure Act and the Mandamus Act offer no general exception to the doctrine. *See Anupama Deupathy Hettiarachchige v. Bitter*, No. 22-CV-3622, 2022 WL 17738771, at *2 (S.D.N.Y. Dec. 16, 2022) (applying the doctrine of consular nonreviewability to a complaint bringing claims under the Administrative Procedure Act and seeking mandamus relief). Galic offers no reason that 8 U.S.C. § 1447, which governs hearings on naturalization applications, or 28 U.S.C. § 1337, which provides for jurisdiction in actions arising under statutes regulating commerce and trade, bear any relevance. (*See* ECF No. 27 ¶ 1.)

Finally, because Galic's other claims founder, he "cannot maintain an action for a declaratory judgment without an underlying federal cause of action." *Springfield Hosp. v. Hofmann*, 488 F. App'x. 534, 535 (2d Cir. 2012) (summary order).

For the foregoing reasons, the motion to dismiss is GRANTED.

The Clerk of Court is directed to close ECF No. 38 and close this case.

SO ORDERED.

Dated: August 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge